5UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| TERESA BARON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO:  3:15-cv-34 |
| ) | |
| CANNELTON CITY SCHOOL BOARD, ) | |
| and DR. ALVA SIBBITT in his official ) | |
| capacity, and ROGER FISHER, in his ) | |
| official capacity, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. This is an action brought by Plaintiff, Teresa Baron ("Baron"), by counsel, against the Cannelton City School Board, ("Cannelton City Schools"), Dr. Alva Sibbitt ("Sibbitt") in his official capacity, and Roger Fisher ("Fisher") in his official capacity (collectively "Defendants") for discriminatory actions against her based on her disability in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et. seq.  ("ADA") and for wrongful termination in violation of Indiana State Law.

**II. PARTIES**

2. At all times relevant to this action, Baron resided within the Southern District of Indiana.

3. At all times relevant to this action, Sibbitt acted in his official capacity within the geographical boundaries of the Southern District of Indiana.

4. At all times relevant to this action, Fisher acted in his official capacity within the geographical boundaries of the Southern District of Indiana.

5. Cannelton City Schools is a municipal corporation and maintains offices and conducts business in the geographical boundaries of the Southern District of Indiana.

### III. JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §1331, 28 U.S.C. § 1343 and 42 U.S.C. § 12117.

7. Jurisdiction is conferred on this Court for Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Baron's state law claims arise from the same common nucleus of operative facts as her federal law claims and all of her claims form a single case and controversy under Article III of the United States Constitution.

8. Cannelton City Schools employed Sibbitt and Fisher and is responsible for their actions under the doctrine of *respondeat superior*.

9. Baron is a qualified individual with a disability as that term is defined by the ADA, 42 U.S.C. § 12102(2)(c). At all relevant times, Defendant had knowledge of Baron's disability and/or it regarded Baron as being disabled and/or Baron has a record of being disabled.

10. Defendant is an "employer" as defined by 42 U.S.C. § 12111(5)(A).

11. Baron exhausted her administrative remedies by timely filing a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission. Muckridge received her Notice of Suit Rights for the Charge of Discrimination and timely files this action.

12. All events pertinent to this lawsuit have occurred in the legal environs of the Southern District of Indiana, thus venue in this Court is proper.

## IV. FACTUAL ALLEGATIONS

13.     Baron was hired in August of 2013 as an Elementary Art Teacher and Pre-Kindergarten Instructional Assistant.

14.     During all relevant time periods, Baron met or exceeded the Defendant's legitimate performance expectations.

15.     At the time of her forced resignation/constructive discharge, Baron still held the position of Elementary Art Teacher and Pre-Kindergarten Instructional Assistant.

16.     On November 8, 2013, a student pulled a chair out from under Baron which caused a head injury to Baron resulting in memory loss, confusion, deficit in motor skills, headaches, attention deficits and emotional issues.  These disabilities are ongoing to the present date.

17.     On November 20, 2013, Baron met with her school Principal, Fisher.  Baron asked how Cannelton City Schools were going to handle paying for her medical bills and asked how to fill out Worker's Compensation paperwork.  Misunderstanding the relevant process, Baron also asked if she should file for disability.

18.     Fisher told Baron that if she was applying for disability then she was quitting her job.  Baron corrected her prior statement and represented she wanted to file for Worker's Compensation.  Fisher told Baron that disability and Worker's Compensation were the same thing and that if she was filing for either, he did not want her working at his school.

19.     On November 21, 2013, Baron contacted the Superintendent, Sibbitt, and informed him that she wanted to file for Worker's Compensation.  Sibbitt informed her he would set up a meeting for Baron with a Worker's Compensation representative on November 25, 2013.

20. On November 25, 2013, Baron's meeting with the Worker's Compensation representative was canceled because Sibbitt failed to contact any representative.

21. On December 2, 2013, Baron met with a Worker's Compensation representative and filed for relief.

22. On December 17, 2013, Fisher informed Baron that her employment was going to be terminated and claimed that her students were afraid of her. Fisher informed her she could work until the end of the week.

23. On December 19, 2013, Baron had a meeting with Sibbitt who informed her that she was being suspended without pay beginning on December 21, 2013 and that he was going to recommend her termination to the School Board at the next meeting which was scheduled for January 19, 2014. Sibbitt then informed Baron that she could resign immediately, or he would read the claims about the students being afraid of her to the School Board. Sibbitt informed her that a newspaper reporter would be present for the School Board meeting and that the claims against her would be publicly read and disclosed.

24. As a result of Sibbitt's threats, Baron tendered a resignation letter to Cannelton City Schools dated January 10, 2014.

25. Baron was constructively discharged due to her disabilities and for filing for Worker's Compensation relief and was subjected to less favorable terms and conditions in her employment than similarly-situated employees who did not suffer from a disability and similarly-situated employees who did not file for Worker's Compensation relief.

## V.  LEGAL ALLEGATIONS

### COUNT I—ADA-DISABILITY DISCRIMINATION

26. Baron hereby incorporates paragraphs one (1) through twenty-five (25) of her Complaint as if the same were set forth at length herein.

27. Defendants violated Baron's rights as protected by the Americans with Disabilities Act, 42 U.S.C. § 12112 et. seq. by discriminating against her, suspending, and then ultimately constructively discharging her from employment based upon her disability.

28. Defendant's actions were intentional, willful, and in reckless disregard of Baron's rights as protected by the ADA.

29. Baron has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

### COUNT II—WRONGFUL TERMINATION

30. Baron hereby incorporates paragraphs one (1) through twenty-nine (29) of her Complaint as if the same were set forth at length herein.

31. Defendants violated Baron's rights as protected by Indiana state law by preventing her from filing for Worker's Compensation relief and retaliating against her for filing for Worker's Compensation relief by suspending, and then ultimately constructively discharging her from employment with the Defendant.

32. Defendant's actions were intentional, willful, and in reckless disregard of Baron's rights as protected by Indiana state law.

33. Baron has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Teresa Baron, by counsel, respectfully requests that this Court find for Plaintiff and order Defendant to:

1. Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates or retaliates against any employee for his/her disability and/or for filing for Worker's Compensation relief;

2. Reinstate Plaintiff to the position, salary and seniority level she would have enjoyed but for the Defendant's unlawful employment actions, or award her front pay;

3. Pay Plaintiff's lost wages and benefits;

4. Pay to Plaintiff compensatory and punitive damages;

5. Pay to Plaintiff pre- and post-judgment interest;

6. Pay Plaintiff's costs and attorney fees incurred in litigating this action; and

7. Provide any further equitable relief this Court sees fit to grant.

Respectfully submitted,

/s/Benjamin R. Aylsworth
Benjamin R. Aylsworth, Attorney No. 29817-87
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: baylsworth@bdlegal.com

*Attorneys for Plaintiff, Teresa Baron*

## **DEMAND FOR JURY TRIAL**

The Plaintiff, Teresa Baron, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

/s/Benjamin R. Aylsworth
Benjamin R. Aylsworth, Attorney No. 29817-87
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana  47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: baylsworth@bdlegal.com

*Attorneys for Plaintiff, Teresa Baron*